**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WILBERT R. HOLMES,<br>Plaintiff,<br>v.<br>CAPUCINE Y. HOLMES, *et al.*,<br>Defendants. | Civil Action No.<br>1:25-cv-01728-SDG |

**OPINION AND ORDER**

This case is before the Court on a 28 U.S.C. § 1915(e)(2) frivolity review of *pro se* Plaintiff Wilbert R. Holmes's first Amended Complaint (FAC) [ECF 8]. Holmes also filed a motion to expedite hearings [ECF 9], a motion for a status conference [ECF 10], and a motion for leave to file a second amended complaint [ECF 11]. After careful review, this case is **DISMISSED without prejudice**, the motion to file an amended complaint is **DENIED**, and the motions to expedite hearings and for a status conference are **DENIED as moot**.

When a plaintiff seeks to proceed *in forma pauperis*, as Holmes does here, his complaint must be dismissed if the Court determines that the pleading is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Frivolous "embraces not only the inarguable legal conclusion, but also

the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). The Court recognizes that Holmes is acting *pro se*, so it must construe the complaint leniently and hold it to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But this leniency does not permit the Court "to rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

Holmes brings this civil action against his ex-wife, Capucine Y. Holmes, and a Nevada state court,[1] alleging that the Nevada court "illegally and unjustifi[ably]" awarded ownership of his residential property, valued at $1.5 million, to his ex-wife.[2] He further claims to suffer from "extreme PTSD" from "many illegal acts" by his former wife.[3] He requests civil damages of $1.5 million.[4]

---

1 Which court Holmes is attempting to sue is unclear. The case caption identifies the "Las Vegas District Court" and "Nevada Supreme Court" as Defendants, but the pleading itself lists the "Eighth Judicial District Court" as the Defendant. ECF 3, at 1–2. Regardless of the particular court or courts Holmes is trying to sue, such claims are barred by sovereign immunity.

2 *Id.* at 4, 30.

3 *Id.*

4 *Id.*

At no point does Holmes actually assert a cause of action. To the extent he seeks to recover money damages from a Nevada court, such civil damages claims are barred by the Eleventh Amendment. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that the plaintiff's claim against the state court was barred by sovereign immunity); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (holding that "arms of the State" for Eleventh Amendment purposes are not liable under § 1983).

Further, Holmes cannot attack the results of a judicial proceeding in Nevada awarding property to his ex-wife by filing suit here. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) (same). That is precisely what Holmes asks the Court to do here. *Rooker-Feldman* also bars review of cases that are "inextricably intertwined" with a prior state-court judgment. *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (citing *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). A claim is inextricably intertwined if it would "effectively nullify" the earlier judgment or

can succeed only to the extent that the state court wrongly decided the issues. *Cavero v. One W. Bank FSB*, 617 F. App'x 928, 930 (11th Cir. 2015) (per curiam).

Finally, Holmes's motion to file another amended complaint must be denied because his proposed amendment is futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010). The proposed second amendment asserts claims against Holmes's ex-wife for constitutional violations under 42 U.S. § 1983 and for intentional infliction of emotional distress (IIED), all premised on an alleged murder attempt against him.[5] Holmes's IIED claim under Georgia law fails because it is barred by the two-year statute of limitations. O.C.G.A. § 9-3-33. The Section 1983 claim fails because Holmes has not alleged any facts plausibly suggesting his ex-wife was acting under the "color of state law" when she purportedly tried to kill him. Section 1983 simply does not apply to private conduct, "no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

---

5 ECF 11-1.

Because Holmes's FAC [ECF 8] is frivolous, this case is **DISMISSED without prejudice**. Holmes's motion for leave to file an amended complaint [ECF 11] is **DENIED**, and his motions to expedite hearings [ECF 9] and for a status conference [ECF 10] are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to close the case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge